Action by Henry W. Rudd against the McClean Arms & Ordnance Company. Motion to vacate service of summons. Denied.

Henry W. Rudd, pro. per.

H. B. Potter, for defendant.

GREENBAUM, J. That there is a lack of harmony in the federal courts as to what constitutes a valid service upon a foreign corporation is doubtless true; but it seems to me that the trend of the more recent decisions is to the effect that, where the officer served is the general manager of a corporation, and as such manager is in attendance in the state where service is made on the business of the corporation, no matter to what extent that business may be, service upon the manager would confer jurisdiction. Brush Creek Coal, etc., Co. v. Morgan Elec. Co. (C. C.) 136 Fed. 505, 507. To my mind the reasoning in support of this view is convincing. A nonresident private individual may be served in a state which he enters of his own volition and without trick or device on the part of the plaintiff. A corporation is represented through its duly authorized officers or agents, and when such officers or agents, in the interests of and for the purposes of the corporation, come into another jurisdiction in the business of the corporation, then the corporation may be said to be present in its corporate capacity, and service of process upon its duly accredited officer or manager then and there made should be just as effectual as though made upon a private individual, who, under similar circumstances, might temporarily come within the jurisdiction of the court. Motion to vacate summons is denied, with $10 costs to plaintiff to abide the event.

Motion denied, with $10 costs to plaintiff to abide event.

---

(120 App. Div. 563)

PEOPLE ex rel. HORTON v. FERGUSON et al., Assessors.

(Supreme Court, Appellate Division, Second Department. June 7, 1907.)

TAXATION—ASSESSMENT—CORRECTION OF—FAILURE OF COMPLAINANT TO APPEAR ON NOTICE.

Laws 1896, p. 810, c. 908, § 36, provides that where complaint has been made as to assessments the assessors may hear proof, and if they are not satisfied that such assessment is erroneous may require the person assessed or his agent to appear and be examined, and if such person or his agent shall willfully neglect to attend he shall not be entitled to relief. The assessors required the personal attendance of a complainant, and he refused to appear at the time named, claiming it was inconvenient for him to do so, but sent his attorney. No application was made for an adjournment, and the attorney informed the board that if complainant were present he would not permit him to give any further inventory of his property than that already in their possession, which showed he had the amount for which he was assessed. Personal attendance of complainant was not waived, and the burden of the complaint was that he had been assessed relatively greater than others, but it was not claimed that he had been assessed on property he did not own or for more than the just valuation. On certiorari, held, that complainant could not be heard to ask for a reduction of his assessment.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 45, Taxation, §§ 892, 893.]

Appeal from Special Term.

Certiorari by the people, on the relation of Eugene Horton, against John Ferguson and others, assessors. From an order quashing the writ and dismissing the proceedings, relator appeals. Affirmed.

Following is the opinion of Justice Burr at Special Term:

To entitle relator to this writ it must appear that application was made in due time to the proper officers to correct such assessment. Laws 1896, p. 882, c. 908, § 250. Upon such application the assessors may require the person assessed, or his agent or representative, to appear before them and be examined concerning his complaint, and to produce any papers relating to such assessment with respect to his property. Id. p. 810, § 36. In this case the assessors required the personal attendance of the complainant before them. He refused to appear at the time named, claiming that it was inconvenient for him to do so, but he sent his attorney in his stead. No application was made for an adjournment to permit him to appear at a more convenient time. On the contrary, his attorney informed the board that if the complainant was present he would not permit him to give an inventory of his property other than that already in the possession of the board. The only inventory in possession of the board was a statement on behalf of the complainant that he did have personal property of the value of $10,000, the amount for which he was assessed. Under such circumstances it would have been an idle ceremony to adjourn to some day more convenient for his appearance. His refusal to attend must therefore be deemed willful. Unless his attendance was therefore wholly unnecessary, or was waived, he cannot be heard to ask for a reduction of his assessment. Laws 1896, p. 810, c. 908, § 36; People ex rel. Brown v. O'Rourke, 31 App. Div. 583, 52 N. Y. Supp. 427. The return shows that the personal attendance of the complainant was not waived. This was peculiarly a case where the personal attendance of the complainant was material and necessary. The burden of his grievance was not that he had been assessed for personal property which he did not own, or for more than its just valuation, but that he had been assessed relatively greater than others, and he specified instances where persons who had been assessed at the sum of $1,000 should have been assessed for much larger sums. Although the assessors thought that they had assessed each of the parties for the full value of the taxable personal property owned by them, an examination of the complainant might have disclosed the fact that, although he was only assessed at $10,000, his taxable property was worth many times that sum, and, if he established all that he claimed with reference to the difference between the amount of the assessment and the amount of taxable property of others, no inequality resulted, for the same difference existed in his case. An examination of his attorney or agent instead of his own examination would not suffice, particularly when the attorney stated that he knew nothing about the amount of his personal estate.

The motion to quash the writ is granted, and the proceedings are dismissed, with costs.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, HOOKER, and MILLER, JJ.

Vanamee, Watts & Cox, for appellant.

Russell Wiggins, for respondents.

PER CURIAM. Order affirmed, with $10 costs and disbursements, on the opinion of Mr. Justice Burr at Special Term.